STATE OF CONNECTICUT *v.* RICHARD BURNHANNAN
(12177)

LAVERY, LANDAU and FREEDMAN, Js.

Argued April 5—decision released May 31, 1994

*Dennis C. Murphy,* for the appellant (defendant).

*Jacqueline J. Footman,* assistant state's attorney, with whom, on the brief, were *Eugene Callahan,* state's attorney, and *Philip D'Eramo,* assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from the judgment of the trial court revoking his probation and sentenc-

ing him to serve the suspended portion of his original sentence. The defendant claims that the trial court improperly (1) failed to admit three letters from a psychiatrist treating the defendant, (2) showed bias against the defendant, (3) misconstrued a statement made by a witness, and (4) denied the defendant's motion for a new hearing. We affirm the judgment of the trial court.

After pleading guilty to sexual assault in the fourth degree and risk of injury to a child, the defendant was sentenced to an effective prison term of seven years, execution suspended, and five years probation. His probation commenced June 17, 1988. While on probation, the defendant was required to keep his probation officer informed of the location of his residence and his employment. He was also required to complete successfully a sexual abuse treatment program specified by the probation department.

The defendant failed to inform his probation officer of the location of his residence. He also failed to complete the sexual abuse treatment program. Although the defendant's probation officer allowed him to begin another sexual abuse treatment program, he likewise failed to complete that program. The defendant was charged with violating his probation under General Statutes § 53a-32.[1] After a hearing, the trial court

---

[1] General Statutes § 53a-32 provides in pertinent part: "(a) At any time during the period of probation . . . the court . . . may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation . . . . Thereupon . . . the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation . . . shall be advised by the court that he has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in his own behalf.

"(b) If such violation is established, the court may continue to revoke the sentence of probation . . . or modify or enlarge the conditions, and, if

found that the defendant had violated the conditions of his probation, and sentenced him to serve his original term of seven years in prison. This appeal followed.

"[U]nder § 53a-32, a probation revocation hearing has two distinct components. . . . The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. 'At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation or conditional discharge, shall be advised by the court that he has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in his own behalf.' General Statutes § 53a-32 (a). If the trial court determines that the evidence has established a violation of a condition of probation, then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of 'the whole record,' the trial court 'may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence.' General Statutes § 53a-32 (b). In making this second determination, the trial court is vested with broad discretion. *State* v. *Smith,* 207 Conn. 152, 167, 540 A.2d 679 (1988) ('[a] defendant who seeks to reverse the exercise of judicial discretion, assumes a heavy burden')." (Citation omitted.) *State* v. *Davis,* 229 Conn. 285, 289–90, 641 A.2d 370 (1994).

---

such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

The defendant first argues that the trial court abused its discretion by failing to admit into evidence three letters from a psychiatrist who was treating him. Soon after being discharged from the second sexual abuse program, the defendant began private counseling sessions with Joseph Waxberg, a psychiatrist. During the adversarial evidentiary hearing to determine whether the defendant had violated his probation, the defendant offered three letters. The letters were purportedly written by Waxberg, and ostensibly offered to counter the state's recommendation that the defendant be incarcerated. The trial court sustained the state's hearsay objections and excluded the letters because the court was not satisfied that the documents were either probative or reliable. The defendant asserts that the trial court abused its discretion in so ruling.

The defendant concedes that his treatment program with Waxberg did not satisfy the condition of his probation. Thus, the letters regarding his treatment were not relevant to the issue of whether the defendant had violated his probation. We conclude, therefore, that the trial court properly excluded the letters during the first portion of the hearing.

The letters would have been relevant, however, during the second portion of the probation revocation hearing. During that portion, the trial court determines whether the defendant's probation should be revoked. *State* v. *Davis,* supra, 229 Conn. 289–90. That determination is based on the whole record. Id. The letters from Waxberg would properly have been part of the whole record if the defendant had offered them into evidence during the second portion of the hearing. The letters would have been relevant to the determination of whether the defendant's probation should have been revoked. The defendant, however, did not attempt to offer the letters into evidence during the portion of the

hearing in which they would have been relevant. Thus, there is no ruling from which to appeal. Therefore, the defendant's first claim must fail.

The defendant next claims that the trial court was biased against the defendant. "The defendant's claim of judicial bias was not preserved. No motion was made to disqualify the court, and there are no facts, and no indication from the record, from which we can conclude that the trial court was not impartial. See *Dubaldo* v. *Dubaldo,* 14 Conn. App. 645, 542 A.2d 750 (1988)." *State* v. *Baxter,* 19 Conn. App. 304, 321, 563 A.2d 721 (1989). Absent plain error, a claim of judicial bias cannot be reviewed on appeal unless preserved below. *Cameron* v. *Cameron,* 187 Conn. 163, 168, 444 A.2d 915 (1982). Plain error exists only in "truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *Spicer* v. *Spicer,* 33 Conn. App. 152, 162, 634 A.2d 902 (1993), cert. denied, 228 Conn. 920, 636 A.2d 850 (1994). When we apply this standard, it is clear that the trial court did not commit plain error. Therefore, the defendant's second claim must also fail.

The defendant next asserts that the trial court improperly interpreted a piece of the evidence before it. The probation officer testified that a treating psychiatrist had recommended that the defendant continue to receive sexual abuse treatment but not be given any "slack." During final arguments, the trial court specifically referred to the psychiatrist's advice to give the defendant "no slack." The defendant asserts that the trial court misconstrued the evidence by emphasizing the "no slack" recommendation but not accepting the continued treatment recommendation. He claims that the "no slack" recommendation applied solely to continued treatment.

"It was within the trial court's discretion to determine the credibility of the witnesses and the weight to be given their testimony . . . ." *State* v. *Baxter,* supra, 19 Conn. App. 320–21. The defendant merely offers an interpretation of the evidence that differs from that of the trial court. Therefore, the defendant's third claim must also fail.

Finally, the defendant claims that the court abused its discretion in not granting his motion for a new hearing. "The motion was not timely filed. Practice Book § 903 provides that '[u]nless otherwise permitted by the judicial authority in the interests of justice, a motion for a new trial shall be made *within five days* after a verdict or finding of guilty or within any further time the judicial authority allows during the five-day period.' (Emphasis added.) The defendant's motion was not filed within the time specified. Even if the motion had been filed timely or if the court had decided that in the interests of justice such a motion should have been heard, the granting of a motion for a new trial is wholly discretionary. *State* v. *Asherman,* 193 Conn. 695, 735, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1749, 84 L. Ed. 2d 814 (1985). The court's ruling on a motion for a new trial should stand unless it is shown that the court abused its discretion. *Kubeck* v. *Foremost Foods Co.,* 190 Conn. 667, 669–70, 461 A.2d 1380 (1983). Here, the defendant has failed to demonstrate such abuse." *State* v. *Colon,* 8 Conn. App. 111, 113–14, 510 A.2d 1023, cert. denied, 201 Conn. 812, 517 A.2d 1023 (1986). Therefore, the defendant's fourth claim must also fail.

The judgment is affirmed.

In this opinion the other judges concurred.