# MILDRED DREW ET AL. *v.* K-MART CORPORATION (12726)

DUPONT, C. J., and LANDAU and HENNESSY, Js.

Argued December 6, 1994—decision released March 14, 1995

*W. Martyn Philpot, Jr.,* for the appellant (named plaintiff).

*Frederick J. Trotta,* with whom, on the brief, were *Eileen M. Condon* and *Joseph F. Trotta,* for the appellee (defendant).

HENNESSY, J. The plaintiff Mildred Drew[1] appeals from the judgment of the trial court, following a jury trial, in favor of the defendant, K-Mart Corporation (K-Mart), on all counts of her complaint. The plaintiff claims that the trial court improperly (1) denied her motion to amend the revised complaint, (2) instructed the jury to disregard the defendant's regulations relative to the apprehension of shoplifters, (3) prevented plaintiff's counsel from mentioning the issue of humiliation during closing argument, (4) failed to grant a mistrial when the plaintiff's son was questioned about a previous misdemeanor conviction, (5) refused to allow the defendant's responses to requests for admission into evidence, and (6) directed a verdict in favor of the defendant on the fourth count of the revised complaint, alleging intentional infliction of emotional distress.

The jury could reasonably have found the following facts. On November 21, 1987, the plaintiff and her son were at a K-Mart store in Orange. The plaintiff's son

---

[1] This action was originally brought by both Mildred Drew and her son Demetrius Drew. Demetrius Drew withdrew his claims on April 26, 1993, leaving Mildred Drew as the sole plaintiff. We refer to her as the plaintiff in this opinion.

was wearing one new Timberland boot and one casual walking shoe. Upon leaving the store, the plaintiff's son was approached by a K-Mart loss prevention manager who identified himself, inquired about the boot and asked the plaintiff's son if he had a receipt. This confrontation escalated into a physical altercation between K-Mart's security personnel and the plaintiff's son. At one point, the plaintiff was involved in the melee, and she was subsequently arrested by the police.

The plaintiff and her son brought suit against K-Mart for injuries and damages resulting from the altercation outside the store. The action was tried on the third, fourth and fifth counts of a revised complaint containing five counts. The first two counts, which became inoperative when the plaintiff's son withdrew from the lawsuit, alleged causes of action for false imprisonment and intentional infliction of emotional distress on behalf of the plaintiff's son. The third count alleged that the plaintiff sustained injury as a result of the negligence of K-Mart's personnel in the confrontation of her son following the suspected shoplifting incident. The fourth count alleged a cause of action for intentional infliction of emotional distress on behalf of the plaintiff. The fifth count alleged a cause of action for assault and battery on behalf of the plaintiff.

At the close of the evidence, the trial court granted the defendant's motion for a directed verdict on the fourth count of the complaint alleging intentional infliction of emotional distress. Following deliberations, the jury returned a verdict in favor of the defendant on both the third and fifth counts of the complaint. The trial court thereafter denied the plaintiff's motion to set aside the verdict, and rendered judgment for the defendant on these counts.

## I

The plaintiff first claims that the trial court improperly denied two motions to amend the revised com-

plaint. The plaintiff argues that the trial court's refusal to allow the filing of at least one of two substitute complaints she offered was an abuse of discretion because amended pleadings may be allowed at any time and the proposed substitute complaints would not have inconvenienced the defendant or delayed the trial. We disagree.

The following additional facts are necessary for resolution of this issue. The revised complaint was filed on January 6, 1989. The defendant filed an answer and special defenses on November 16, 1989. The plaintiff filed a reply to the special defenses on November 20, 1989. On April 26, 1993, on the first day of trial, after the plaintiff's son had withdrawn his claims, the plaintiff made two oral motions to file substitute complaints. The first proposed substitute complaint added a count for the false imprisonment of the plaintiff, and an additional count for intentional infliction of emotional distress. The second proposed substitute complaint included only the three counts from the revised complaint, but contained allegations of detainment of the plaintiff that had not appeared in the revised complaint. The trial court denied both motions to file the substitute complaints.

It is within the discretion of the trial court to allow an amendment to pleadings at any time. *Capitol Restorations Corp.* v. *Construction Services of Bristol, Inc.*, 25 Conn. App. 681, 685, 596 A.2d 927 (1991). "Factors to be considered in determining whether leave to amend should be granted are the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment." *Web Press Services Corp.* v. *New London Motors, Inc.*, 203 Conn. 342, 360, 525 A.2d 57 (1987). The trial court's ruling on a motion to amend a pleading can be reversed only upon a clear showing of an abuse of discretion. *Falby* v. *Zarembski*, 221 Conn. 14, 24, 602 A.2d 1

(1992); *Capitol Restorations Corp.* v. *Construction Services of Bristol, Inc.,* supra, 685.

In denying the plaintiff's first motion to file a substitute complaint, the trial court considered that no amendments had been proposed since the filing of the revised complaint more than four years earlier, and that the false imprisonment claim was an entirely new cause of action raised for the first time on the day of trial. Later that same day, the plaintiff introduced the second proposed substitute complaint, telling the trial court that its three counts mirrored the counts involving the plaintiff that appeared in the revised complaint. The trial court denied this motion to file a substitute complaint because the third, fourth and fifth counts of the revised complaint formed the operative complaint, and a substitute complaint was not necessary.[2] We further note that the second proposed substitute complaint did not mirror the revised complaint and, upon inspection by the trial court, the motion to amend could have been denied for this reason as well. We conclude that the trial court was acting well within the bounds of its discretion in denying each of these motions.

II

The plaintiff next claims that the trial court improperly instructed the jury to disregard the defendant's in-house regulations relative to the apprehension of shoplifters. The plaintiff argues that the instruction given by the trial court on the issue of negligence was, as a result of the challenged portion, unduly narrow. It is unnecessary for us to review this issue because it has not been properly preserved.

---

[2] The plaintiff also claims that the trial court improperly imposed a blanket prohibition on any amendments to the pleadings. The bases of this claim are the trial court's statements that a substitute complaint was not necessary and that the state of the pleadings was adequate for the purposes of proceeding with the trial. Our review of the transcripts indicates that the comments of which the plaintiff complains cannot reasonably be construed as an improper prohibition on future amendments to the pleadings.

Practice Book § 315 provides that a claimed error in giving a charge to the jury will be reviewed on appeal only if the party submitted a written request to charge or took an exception to the charge and clearly stated the reasons for the exception.[3] See also *Rossi* v. *Stanback*, 36 Conn. App. 328, 335, 650 A.2d 920 (1994). "The purpose of the rule is to alert the court to claims of error while there is still an opportunity for correction in order to avoid the economic waste and increased court congestion caused by unnecessary retrials." (Internal quotation marks omitted.) Id., quoting *Berry* v. *Loiseau*, 223 Conn. 786, 814, 614 A.2d 414 (1992).

A review of the record indicates that the plaintiff did request a general charge on negligence but did not request a specific charge on negligence and its relationship to the defendant's in-house regulations relative to the apprehension of shoplifters. At the conclusion of the trial court's charge to the jury, the plaintiff's counsel made a general objection to the charge given on the negligence count, but did not specify what his objection was or offer argument in support of his objection.[4] Our Supreme Court has held that an "imprecise reference" does not reasonably alert the trial court to possible deficiencies in the charge. *Berry* v. *Loiseau*, supra, 223 Conn. 816. "Counsel thus failed to 'state distinctly the matter objected to and the ground of objection' as

[3] Practice Book § 315 provides: "The supreme court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of objection. Upon request, opportunity shall be given to present the exception out of the hearing of the jury."

[4] Furthermore, the trial court had informed counsel, prior to the defendant's closing argument, that it would be explicitly instructing the jury that they could not rely on the defendant's employees' failure to adhere to procedures as a basis for finding negligence. The plaintiff's counsel failed to offer more than a general objection to the proposed charge at this time as well.

required by Practice Book § 315 for appellate review." Id. Accordingly, we do not reach the merits of this claim.

## III

The plaintiff next claims that the court improperly admonished her attorney not to mention the issue of humiliation during closing argument. The plaintiff argues that the judge's "surprisingly vigorous reprimand of counsel . . . created an unexpected and prejudicial chill over the trial court proceedings" and thereby deprived the plaintiff of "a fair and balanced atmosphere" for the resolution of her claim.[5] The plaintiff claims, essentially, that the trial judge should have disqualified herself or declared a mistrial.

"We [do] not ordinarily review on appeal a claim that a trial judge should have disqualified himself or declared a mistrial at a certain stage of the proceedings when no such request was made during the trial." *Cameron v. Cameron*, 187 Conn. 163, 168, 444 A.2d 915 (1982) (citing what is now Practice Book § 4185);[6] see also

[5] The plaintiff's third issue in the table of contents of her brief is framed as whether: "The trial court erred in preventing plaintiff's counsel from mentioning the issue of humiliation during closing argument." Most of the plaintiff's argument, however, focuses on the issue of whether the trial judge displayed partiality through this ruling and not the merits of the ruling.

To the extent that the plaintiff challenges the propriety of the trial court's admonition not to bring up the issue of humiliation as an element of damages in its closing argument, we note that this occurred after the plaintiff had spoken of this issue in closing argument. The plaintiff was prohibited from raising the issue only in rebuttal of the defendant's closing argument. Furthermore, because the jury ultimately returned a verdict for the defendant on both counts of the complaint, the issue of damages was never considered by the jury and any claimed error relating to closing argument on damages is thereby harmless. See *McSwiggan v. Kaminsky*, 35 Conn. App. 673, 680–81, 647 A.2d 5, cert. denied, 231 Conn. 934, 649 A.2d 256 (1994).

[6] Practice Book § 4185 provides in relevant part: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court."

*State* v. *Burnhannan,* 34 Conn. App. 537, 541, 642 A.2d 59 (1994).

The facts of this case are clearly distinguishable from cases where judicial improprieties have been reviewed as plain error. In *Cameron* v. *Cameron,* supra, 187 Conn. 163, for example, there were numerous incidents in which the comments of the trial judge evinced profound bias against both the defendant and the defendant's attorney. Here, the plaintiff's appellate argument of prejudicial bias on the part of the trial judge revolves around a single incident, outside the presence of the jury, in which the trial judge's comments are not blatantly objectionable.[7] Although a challenge to egregious judicial conduct would be entitled to review under the plain error doctrine; *Cameron* v. *Cameron,* supra, 168; this is not such a case. See *State* v. *Burnhannan,* supra, 34 Conn. App. 541. We decline to review this claim.

## IV

The plaintiff next alleges that the court improperly failed to grant a mistrial when the plaintiff's son was questioned about a previous misdemeanor arrest.[8] We disagree.

[7] During closing argument, the plaintiff's counsel suggested that the jury should consider the humiliation experienced by the plaintiff in its award of damages. When the plaintiff's counsel completed his argument, the jury was excused and the trial court informed counsel of its intention to charge the jury on certain issues, including a charge that the jury could not award damages for humiliation. At this point, the trial court added "since that is perfectly clear in black letter law, that comes pretty close to an abuse of closing argument, and if you mention anything again that has to do with the claims that have been dismissed by the court, I will hold you in contempt." The trial court then called for the jury to be returned to the courtroom.

[8] The preliminary statement of issues and the briefs of both parties identify the misdemeanor as a larceny, but in their arguments the parties correctly identify the misdemeanor as possession of marijuana.

The following additional facts are relevant to the resolution of this claim. During cross-examination of the plaintiff's son, defense counsel asked a question concerning the plaintiff's son's 1986 arrest and conviction for the possession of marijuana, a misdemeanor. The plaintiff immediately objected to this question and the objection was sustained by the trial court. The plaintiff then requested that the jury be dismissed, and, in the absence of the jury, moved for a mistrial. Defense counsel conceded that the question he had asked was improper, and explained that he had become confused between the inadmissible misdemeanor conviction and a series of felony convictions that the court had ruled would be admissible for impeachment purposes. The trial court denied the motion for a mistrial on the ground that the improper inquiry into a misdemeanor conviction would not prejudice the plaintiff's case when the defendant would be allowed to cross-examine the plaintiff's son on a number of felony convictions, including three involving possession of narcotics with intent to sell. When the jury returned, however, the trial court instructed it to disregard the last question asked by defense counsel.

"A mistrial, as a general principle, should only be granted when it is apparent to the trial court that because of an incident during the trial a party cannot have a fair trial. . . . The trial court has wide discretion in ruling on motions for mistrial." (Citations omitted.) *Shelnitz* v. *Greenberg*, 200 Conn. 58, 80, 509 A.2d 1023 (1986); see also *Allen* v. *Pathmark of Bridgeport, Inc.*, 176 Conn. 124, 129, 405 A.2d 59 (1978). A cautionary instruction is a relevant factor to be considered in determining if the trial court properly exercised its discretion; *Shelnitz* v. *Greenberg*, supra, 80; as is the absence of bad faith on the part of a cross-examining counsel; *State* v. *Hafner*, 168 Conn. 230, 251, 362 A.2d

925, cert. denied, 423 U.S. 851, 96 S. Ct. 95, 46 L. Ed. 2d 74 (1975).

In this case, defense counsel admitted that he made a mistake in questioning the witness about a prior misdemeanor conviction, and there is no evidence of bad faith in the attempt to introduce evidence of this conviction. Thereafter, the court instructed the jury to disregard the question, and cross-examination proceeded as to the plaintiff's son's prior felony convictions. Under these facts, we cannot find that the trial court abused its discretion in denying the plaintiff's motion for a mistrial.

## V

The plaintiff next claims that the trial court improperly prevented her from introducing the defendant's prior inconsistent response to a request for admission into evidence. We are not persuaded.

The following additional facts are relevant to the resolution of this claim. While questioning Thomas D. Moss, an assistant manager of the K-Mart store who was involved in the incident, the plaintiff asked if he had seen a K-Mart employee examine the receipt for the boot that the plaintiff's son was wearing. Moss answered that he did not remember seeing any K-Mart employee examine the receipt. The plaintiff then offered the defendant's response to one set of the plaintiff's requests for admissions as a full exhibit, plaintiff's exhibit H. The plaintiff argued that the response to request number seven was a prior inconsistent statement and a judicial admission. The court denied the plaintiff's request to introduce the exhibit.

The plaintiff next asked Moss if it was the policy of the defendant, at the time of the events in question, to allow a suspected shoplifter who is determined not to have shoplifted to leave. Moss answered yes, and

the plaintiff then offered the defendant's response to request for admissions number ten as a full exhibit. The plaintiff argued that this response was also a prior inconsistent statement and a judicial admission. We will address the issues of whether these responses to requests for admissions were prior inconsistent statements or judicial admissions in turn.

A

It is axiomatic that for a statement to be admissible as a prior inconsistent statement it must be inconsistent with the testimony of the party at trial. *State* v. *Piskorski,* 177 Conn. 677, 710, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979); *State* v. *Reed,* 174 Conn. 287, 302–303, 386 A.2d 243 (1978). It is the province of the trial court to determine whether a prior statement is in fact inconsistent with statements advanced at trial. *State* v. *Piskorski,* supra, 710; *State* v. *Reed,* supra, 302–303. The inconsistent statement must also be "substantial and related to a material matter." *State* v. *Piskorski,* supra, 710. As in all evidentiary matters, the trial court has broad discretion in passing on the admissibility of prior inconsistent statements. *In re Bassel C.,* 33 Conn. App. 90, 95, 633 A.2d 733 (1993).

The first statement that the defendant sought to introduce as inconsistent was a denial that the defendant's employees had failed to inspect the receipt for the boots proffered by the plaintiff and her son.[9] This was offered following Moss' testimony, "To my recollection, I did not see anyone inspect a receipt." These statements are not inconsistent, and the trial court

---

[9] Request for admissions number seven on exhibit H provided: "The defendants, its servants, agents and/or employees failed to even inspect the receipt displayed by the plaintiff, Demetrius Drew, which evidenced his purchase of the boots in question." The defendant's response was: "Denied."

properly excluded from evidence the denial of request for admission number seven and the full exhibit H on this basis.

The second statement the defendant sought to introduce as a prior inconsistent statement was a denial that it was the defendant's policy that suspected shoplifters who were found not to have shoplifted were allowed to leave the premises. This was offered in response to Moss' testimony that it was the policy of the defendant to allow such persons to leave. The court ruled that the prior statement in the request for admissions was not relevant to the issues before the court. The only claim of negligence by the plaintiff was that the defendant negligently failed to inspect the receipt; there was no allegation in the complaint that the defendant negligently failed to follow its internal procedures. We hold, under these circumstances, that the trial court did not abuse its discretion in concluding that a prior inconsistent statement as to the defendant's policy regarding persons mistakenly detained as shoplifters was irrelevant to the issues at trial.

B

The plaintiff also argues that responses to requests for admission automatically become judicial admissions and therefore should be admitted as such during trial. We do not agree.

Practice Book § 240, relating to requests for admission, provides that "[a]ny matter *admitted* under this section is conclusively established unless the court on motion permits its withdrawal or amendment . . . ." (Emphasis added.) The plaintiff misconstrues this language to mean that any *response* to a request for admission is conclusively established. "A judicial admission dispenses with the production of evidence by the opposing party as to the fact *admitted*, and is conclusive upon the party making it. It may take the shape of a formal

stipulation, or may be informal, as where a party upon the witness stand unequivocally concedes a fact for the purpose of the trial." (Emphasis added; internal quotation marks omitted.) *Real Estate Auctions, Inc.* v. *Senie*, 28 Conn. App. 563, 572, 611 A.2d 452 (1992).

We are aware of no case in which the denial of a request for admission has been treated as a judicial admission for evidentiary purposes. The trial court properly refused to admit the defendant's denial of requests for admissions as judicial admissions.

## VI

The plaintiff's final contention is that the trial court improperly directed a verdict in favor of the defendant on the fourth count of the revised complaint, which alleged intentional actions of the defendants resulting in severe emotional distress to the plaintiff. We do not agree.

In order for the plaintiff to prevail in a claim for intentional infliction of emotional distress, four elements must be established. "It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. . . . Thus, [i]t is the intent to cause injury that is the gravamen of the tort . . . ." (Citations omitted; internal quotation marks omitted.) *DeLaurentis* v. *New Haven*, 220 Conn. 225, 266–67, 597 A.2d 807 (1991).

The plaintiff testified that one of the defendant's employees, in attempting to reach over her to reach her son, pushed her so hard that she could feel his genitals against her and asked him if he was attempting to rape her. The plaintiff also testified that during the melee her skirt and slip were up in plain view of the crowd that had gathered in the parking lot. The daughter of a woman with whom the plaintiff worked witnessed this series of events and the plaintiff testified that this was cause for great humiliation.

The court granted a motion by the defendant for a directed verdict as to this count concluding as a matter of law that the plaintiff failed to prove either that the acts of the defendant were intended to inflict emotional distress, or that the emotional trauma experienced by the plaintiff was severe. We agree. Even when viewed in the light most favorable to the plaintiff, these facts do not support a finding of intent to cause emotional injury or that the plaintiff suffered serious emotional distress.

The judgment is affirmed.

In this opinion the other judges concurred.