[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#114)
On July 28, 1994, the plaintiff, Patricia Stepney, filed a three count revised complaint against the defendant, The Devereux Foundation, Inc. In count three of the revised complaint, the plaintiff alleges intentional infliction of emotional distress. The plaintiff maintains that she was injured while working at the defendant's place of business, the Devereux-Glenholme School in Washington, Connecticut, and subsequently notified the defendant of her injury and intention to file a claim for workers' compensation benefits. The plaintiff further alleges that she was forced to resign because of intense harassment she received because of her intention to seek such benefits. In the third count of the revised complaint, the plaintiff makes the following allegations:
 6. On or about February 22, 1994 and on different dates thereafter until the Plaintiff's forced resignation on March 21, 1994, the Defendant, its agents, servants, and/or employees harassed and/or intimidated the Plaintiff because of her intention to seek Workers' Compensation benefits. Said harassment and intimidation was occasioned in the following ways:
 a. The Defendant, its agents, servants, and/or employees yelled at, screamed at, and used abusive and foul language and threats in order to try to dissuade the Plaintiff from seeking benefits under the Worker's Compensation Act.
 b. Distributed written memoranda to Plaintiff and Plaintiff's co-workers indicating that because of individuals filing Workers' Compensation claims, there would be no raises and/or bonuses for other employees, and said memoranda were designed to place pressure and intimidation upon the Plaintiff, and to try to influence her decision as to whether or not to claim benefits under the Workers' Compensation.
 7. The above described acts of the defendant were extreme and outrageous and the Defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress, and that said distress might result in illness or bodily harm. CT Page 12673
On August 9, 1995, the defendant moved to strike the third count of the revised complaint because "the plaintiff has failed to state a cause of action for intentional emotional distress in that the conduct complained of is not extreme and outrageous, as a matter of law." As required by Practice Book § 155, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."(Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214,618 A.2d 25 (1992).
In deciding a motion to strike, the court must construe the complaint in the light most favorable to the plaintiff. RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). If the facts provable under the allegations of the complaint support a defense or cause of action, the motion to strike must fail. S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King P.C., 32 Conn. App. 786, 796,631 A.2d 340, cert. denied, 231 Conn. 913, 648 A.2d 155 (1993).
The Connecticut Supreme Court has expressly recognized a cause of action for intentional infliction of emotional distress. Petyanv. Ellis, 200 Conn. 243, 253, 480 A.2d 610 (1984). In order to establish a cause of action for intentional infliction of emotional distress, the following four elements must be alleged:
 (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; (4) that the emotional distress sustained by the plaintiff was severe.
Drew v. K-Mart Corp., 37 Conn. App. 239, 251, ___ A.2d ___ (1995). CT Page 12674
"Extreme and outrageous conduct is an essential element in the tort of intentional infliction of emotional distress. Mere insults, indignities, or annoyances that are not extreme and outrageous will not suffice." Brown v. Ellis, 40 Conn. Sup. 165, 167, 484 A.2d 944
(1984, McDonald, J.). Whether the defendant's conduct is sufficient to satisfy the element of extreme and outrageous conduct is first a question for the court; only where reasonable minds differ does it become a question for the jury. Id.
In order to establish a prima facie case of intentional infliction of emotional distress, "the plaintiff must allege and prove conduct considerably more egregious than that experienced in the rough and tumble of everyday life. . . ." Whelan v. Whelan,41 Conn. Sup. 519, 522, 588 A.2d 251 (1991, Blue, J.). Accordingly, "[a] line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Citations omitted; internal quotation marks omitted.). Id., 522.
In the present case, the plaintiff alleges that the use of abusive language and the circulation of a memorandum, stating that there would be no bonuses because of workers' compensation claims, constitutes extreme and outrageous behavior. In defining outrageous conduct, the Connecticut Supreme Court has stated: "`[T]he rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.'" Petyan v. Ellis, supra,200 Conn. 254 n. 5. There is no controlling authority which provides a more precise definition of this standard; however, a number of Superior Court decisions have applied this standard in the context of the employer-employee relationship. It is, therefore, necessary to examine recent Superior Court decisions in order to delineate the scope of extreme and outrageous conduct under Connecticut law.
In Barbuto v. William Bachus Hospital, Superior Court, judicial district of New London at Norwich, Docket No. 105452 (April 13, 1995, Hendel, J.), the court addressed an analogous factual situation to the present case and granted the defendant's motion to strike. The plaintiff was a nurse assigned to a shift CT Page 12675 which commanded a wage premium at the defendant hospital. After receiving assurances on two occasions that her schedule would not be changed, the plaintiff was assigned to a lower paid shift. The plaintiff, thereafter, retained an attorney in an attempt to enforce her employment rights. The defendant responded by suspending the plaintiff, without pay, for a two day period for a minor incident which was alleged to have occurred approximately one month earlier. The violation was a pretext and the disciplinary action was taken solely because of the plaintiff's attempt to enforce her employment rights.
The plaintiff brought suit against the defendant alleging, inter alia, intentional infliction of emotional distress. Alleging legal insufficiency, the defendant moved to strike the complaint. The court granted the motion, holding that the defendant's conduct in removing the plaintiff from her position and in disciplining her by suspension "did not rise to the level of extreme and outrageous conduct contemplated by either the Restatement or Connecticut caselaw." Id. The court concluded that "reasonable minds would not be able to differ on the issue of whether the conduct of the defendant, as alleged in the plaintiff's complaint was extreme and outrageous conduct under the law." (Internal quotation marks omitted.).
In contrast, the Superior Court decision in Mellaly v. EastmanKodak Co., 42 Conn. Sup. 17, 597 A.2d 846 (1991, Berdon, J.), illustrates conduct legally sufficient to survive a motion to strike. In this case, the plaintiff alleged that his supervisor had taunted and harassed him about his alcoholism and recovery. In denying the defendant's motion to strike, the court held that "[w]ithin the context that Kane supervised the plaintiff and knew of his disease of alcoholism, Kane's conduct reached the required threshold of outrageousness. It is, therefore, an issue for the trier of fact." Id., 21. In reaching this conclusion, the court relied heavily upon the Restatement[1] and its emphasis upon the relationship between the parties and the actor's knowledge that the other is particularly susceptible to emotional distress. Id. The court also placed particular emphasis upon the supervisor's knowledge of the plaintiff's condition and susceptibility to harassment. Id.
The Superior Court decision in Champion v. Lipscomb, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 512902 (April 23, 1993, Hammer, J.), provides another example of allegations which are legally sufficient to survive a CT Page 12676 motion to strike. In this case, the plaintiff was intentionally splashed with waste oil by a fellow employee. The plaintiff alleged that his employer refused to discipline his attacker and allowed him to be harassed because of his injury. The harassment included forcing the plaintiff to work alone with his attacker under constant threat of imminent physical assault and refusing to approve a transfer for his safety. The plaintiff asserted that this behavior amounted to a ratification of the prior tortious conduct and brought suit against his employer alleging intentional infliction of emotional distress.
The court denied the defendant's motion to strike, holding that the alleged ratification of tortious conduct coupled with the failure to protect the plaintiff from future injury was sufficient to properly allege extreme and outrageous conduct. In reaching this conclusion, the court relied heavily upon the Restatement, stating that "[t]he requirement that the conduct be extreme and outrageous is met where there is an abuse by the defendant of a position, or a relation with the [plaintiff] which gives him actual or apparent authority over the [plaintiff], or power to affect his interests." Id.
In support of its motion to strike, the defendant argues that the plaintiff has failed to plead extreme and outrageous conduct as a matter of law. In opposition, the plaintiff submits that she has pleaded extreme and outrageous conduct with legal sufficiency.
The allegations of the revised complaint are legally insufficient to allege extreme and outrageous conduct. The plaintiff alleges nothing more than verbal abuse and the distribution of a content neutral letter[2] in retaliation for her attempt to avail herself of workers' compensation benefits. These facts, including the facts "necessarily and fairly provable under them", do not appear to rise to the level of extreme and outrageous conduct under Connecticut law. The defendant's revised complaint simply does not allege conduct which "shocks the conscience." Moreover, these allegations are analogous to those found legally insufficient in Barbuto and distinguishable from those found legally sufficient in Mellaly and Champion.
Although only persuasive authority, the Barbuto decision indicates that employer retaliation for the attempted exercise of legal rights is insufficient to establish a common law cause of action for intentional infliction of emotional distress. The present case involves similar allegations of employer retaliation. CT Page 12677 The plaintiff alleges verbal and written harassment in response to her attempt to exercise her rights under the workers' compensation law. These allegations, however, describe conduct far less egregious than that held legally insufficient in Barbuto. This necessarily implies that lesser forms of retaliatory conduct, such as the verbal and written harassment in the present case, are also legally insufficient to allege extreme and outrageous conduct.[3]
The allegations of the revised complaint are also distinguishable from those found legally sufficient in the Mellaly
and Champion decisions. These cases involve abuses of authority where the employer possesses knowledge of the employee's susceptibility to harassment. These cases involve more than an unfair or unreasonable employer who mistreats his employees or abuses his authority. These cases, instead, involve employers who exploit the known weaknesses of their employees. This is more egregious conduct than that alleged in the revised complaint. Simple employer mistreatment, in and of itself, is insufficient to establish extreme and outrageous conduct. Barbuto v. William BachusHospital, supra. Presently, the plaintiff has alleged nothing more than harassment in retaliation for seeking workers' compensation benefits. This is not the type of conduct which can support a cause of action for intentional infliction of emotional distress.
In conclusion, reasonable minds would not be able to differ on the question of whether the conduct of the defendant, as alleged in the plaintiff's revised complaint, constitutes extreme and outrageous conduct. The plaintiff, therefore, has failed to plead intentional infliction of emotional distress with legal sufficiency in its revised complaint. Accordingly, the defendant's motion to strike the third count is granted.
PICKETT, J.