[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (No. 102)
A. FACTS:
The plaintiff, Randall Klimas, was an employee of the defendant, Advo-Systems Inc., a Corporation doing business in Connecticut. The plaintiff alleges he was employed with the defendant from 1970 until his discharge on December 17, 1991. At the time of his discharge, the plaintiff held the position of Senior Vice President and General Manager of ADVO Enterprises, a division of the defendant. The plaintiff was also the president of Trans-Advo, Inc., a subsidiary of the defendant. The plaintiff alleges that his job performance was satisfactory and/or superlative during his employment.
The plaintiff alleges that prior to his discharge, the defendant compelled the plaintiff to undergo psychological testing at the defendant's premises. The plaintiff allegedly objected to the tests as an invasion of privacy and that the CT Page 4109-HH psychological tests were without scientific foundation or relevance to his job performance. The plaintiff did submit to the testing when the defendant made taking the tests a condition of continued employment. The tests were allegedly conducted by defendants Michael W. Maughn, Ph.D., herein Maughn, and Gehlausen Ruda Associates, herein Ruda. The plaintiff alleges that the defendants assured him that the test results would not be passed on to any other individuals and the results used only to improve the plaintiff's job performance. The plaintiff alleges that his discharge was predicated on the defamatory test results. After his discharge, the plaintiff alleges he requested access to the test results and the defendant denied the plaintiff access, allegedly knowing that such a denial would cause the plaintiff severe emotional distress.
The defendant has filed the operative motion to strike the plaintiff's first count (violation of § 31-51q) and fourth count (intentional infliction of emotional distress) for failing to state a cause of action upon which relief may be granted. Both sides have fully briefed the issues, the court having received the memorandums in support, in objection, in reply and in response to the motions.
B. DISCUSSION:
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted).Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
(1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendant's motion to strike the first and fourth counts of the complaint states as grounds: "Count I, fails . . . to state a claim upon which relief may be granted because Klimas has not alleged that he engaged in any speech protected by Conn. Gen. Stat. § 31-51q." "Count IV fails to state a claim upon which relief may be granted because it does not allege facts sufficient to support the essential elements of an intentional infliction of emotional distress claim." CT Page 4109-II
The plaintiff has identified several procedural irregularities to the defendant's motion to strike that the court must overcome prior to reaching the motion on its merits.
The first procedural irregularity argued by the plaintiff, is that the defendant's motion to strike is a speaking motion to strike.
"In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citation omitted; emphasis in the original.). Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "Nothing in our cases suggests, however, that every argument in a motion to strike is rendered defective by the moving party's allegation of some fact not contained in the pleadings, regardless of whether that fact is relevant for each argument in the motion. We can see no reason to introduce such a rule[.]" Id. at 348-49.
Although the defendant's motion to strike is a speaking motion, and therefore, subject to denial, in light of the extensive memorandum by the parties, the court will exercise its discretion and address the next procedure irregularity and the merits of the fourth count, by relying only on the pleadings.
Count I
The second irregularity argued by the plaintiff is that the defendant has failed to move to strike both causes of action in the first count. The first count of the complaint states a cause of action under § 31-51q and wrongful discharge in violation of public policy. The plaintiff relies on Wachtelv. Rosol, 159 Conn. 496, 499, 271 A.2d 84 (1970). In Wachtel, the court stated: "If a count in a complaint purports to set out more than one cause of action, a demurrer addressed to the entire count fails if it does not reach all of the causes of action pleaded. Practice Book 106. [now § 152]."
The plaintiff's complaint sets forth two causes of action in the first count, a cause of action under § 31-51q and one for wrongful discharge in violation of public policy. Since the defendant's motion to strike only addresses the § CT Page 4109-JJ31-51q cause of action, the motion to strike is fatally defective and must be denied on this ground.
Count IV
The elements for the intentional infliction of emotional distress were recently expressed in Drew v. K-MartCorp., 37 Conn. App. 239, 655 A.2d 806 (1995).
 "In order for the plaintiff to prevail in a claim for intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. . . . Thus, [i]t is the intent to cause injury that is the gravamen of the tort. . . ." (Citations omitted; internal quotation marks omitted.)"
Drew v. K-Mart Corp., supra 251.
The plaintiff has alleged the essential elements with the following language: "The defendants knew or should have known that their actions would cause the plaintiff emotional distress" (¶ 10 first element); "The conduct of all defendants was extreme and outrageous" (¶ 17 second element); "As a proximate result of the defendant's actions, the plaintiff has suffered pecuniary loss and extreme emotional distress." (¶ 11 third element); and "The conduct of all defendants was extreme and outrageous" (¶ 17 fourth element). The plaintiff's complaint alleges the following facts to support its cause of action: the defendant stated the psychological testing would only be used to improve his job performance, it would not be passed on to other individuals, the defendant refused to provide the plaintiff with the test results, and the defendant's actions in compelling the plaintiff to submit to the testing invaded his right to privacy. CT Page 4109-KK
Although the plaintiff has pled each of the four elements for this cause of action, even taken in the light most favorable to the plaintiff, it is found that the count is insufficient to state a cause of action for the intentional infliction of emotional distress.
In Drew v. K-Mart Corp., supra 37 Conn. App. 251, the Appellate Court commented on the type of conduct that exceeds all bounds
 "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind . . . . [the plaintiff alleged one of the defendant's employees] in attempting to reach over her to reach her son, pushed her so hard that she could feel his genitals against her . . . and during the melee her skirt and slip were up in plain view of the crowd . . . that this was cause for great humiliation. (Emphasis added.).
The Appellate Court held the employee's conduct was insufficient for plaintiff to recover under intentional infliction of emotional distress.
In light of Drew, the conduct alleged in the present case is inadequate, even taken in the light most favorable, to maintain a count for intentional infliction of emotional distress.
It is decided that the defendant's motion to strike the fourth count should be granted.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion to strike No. 102, ought to be and is hereby granted as to the fourth count and denied as to the first count.
It is so ordered,
SALVATORE F. ARENA JUDGE, SUPERIOR COURT CT Page 4109-LL