[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The motion to strike Counts 5-9 as time barred by the Statute of Limitations is denied. "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. . . . [which] might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense." (Internal citations omitted.) Forbes v. Ballaro, 31 Conn. App. 235 (1993).
The Motion to Strike Counts 5 and 6 for failure to state a claim is granted for the following reasons.
In the Fifth Count the plaintiff alleges negligent infliction of emotional distress. In the employment context, negligent infliction of emotional distress "arises only where it is based upon unreasonable conduct of the defendant in the termination process. . . . The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior" (Citations omitted; internal quotation marks omitted.) Id. 88-89. "It is likely that a person whose employment is terminated will suffer some degree of stress and anxiety regardless of whether the termination was lawful and proper or wrongful and tortious in nature." Saloomey v. A Child's Garden, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324092 CT Page 7826 (April 24, 1996, Levin, J.).
"Rather, a complaint must allege more, for instance, that the actual termination was . . . done in an inconsiderate, humiliating, or embarrassing manner." (Internal quotation marks omitted.) Protasewich v. Combustion Engineering, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 552146 (March 3, 1997, Lavine, J.); see also Saloomeyv. A Child's Garden, Inc., supra, Superior Court, Docket No. 324092; Skierkowski v. Creative Graphics Services, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 463242 (May 5, 1995, Handy, J.).
In the Sixth Count the plaintiff alleges intentional infliction of emotional distress. In order to establish a claim for intentional infliction of emotional distress, the plaintiff must plead that the defendant's conduct was extreme and outrageous.[1] Petyan v. Ellis, 200 Conn. 243, 253,510 A.2d 1337; Drew v. K-Mart Corp. , 37 Conn. App. 239, 251,655 A.2d 806 (1995). The issue of whether the defendant's conduct rises to the level of extreme and outrageous behavior is a question of law to be decided by the court. Mellaly v. EastmanKodak Co., 42 Conn. Sup. 17, 18, 597 A.2d 846 (1991); see alsoReed v. Signode Corporation, 652 F. Sup. 129, 137 (D. Conn. 1986). "Only where reasonable minds can differ does it become an issue for the jury." Mellaly v. Eastman Kodak Co., supra, 42 Conn. Sup. 18.
For conduct to be considered extreme and outrageous, it must exceed "all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225, 267,597 A.2d 807 (1991); see also Petyan v. Ellis, supra, 200 Conn. 254
n. 5. According to the Restatement, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'." (Internal quotation marks omitted.) Mellaly v.Eastman Kodak Co., supra, 42, Conn. Sup. 20, citing 1 Restatement (Second), Torts § 46, comment (d). Conduct on the part of the defendant, however, "that is merely insulting or displays bad CT Page 7827 manners or results in hurt feelings is insufficient to form the basis for an action based on intentional infliction of emotional distress." Mellaly v. Eastman Kodak Co., supra, 42 Conn. Sup. 19.
Construing the allegations in a light most favorable to its plaintiff, the court finds that the plaintiff has not alleged facts in the fifth and sixth counts which state causes of action.
SANDRA V. LEHENY JUDGE, SUPERIOR COURT