[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff brought a complaint against the defendant in three counts. Count One is for wrongful termination; Count Two was for intentional infliction of emotional harm; and Count Three was for violation of the Connecticut Unfair Trade Practice Act § 47-110 et seq.
The defendant moved to strike all three counts. The defendant claimed that the count alleging wrongful termination should be stricken because the complaint fails to identify a specific statute, regulation or other established public policy as a basis for her wrongful termination claim. The defendant claimed that the second count failed to satisfy the elements of the tort of intentional infliction of emotional distress CT Page 8531 particularly the requirements that the defendant alleged conduct which was "extreme and outrageous." Further, it was claimed that the emotional distress alleged by the plaintiff was not sufficiently severe. Finally, the defendant moved to strike the third count claiming that the unfair trade practice act does not apply to claims involving the employer/employee relationship.
The court agrees with the defendant as to counts one and three and accordingly orders counts one and three stricken. The court agrees with the plaintiff as to count two and accordingly refuses to strike count two.
Count One
It is undisputed that the plaintiff is an at will employee and ordinarily could be terminated by the defendant with impunity. The plaintiffs claim for wrongful termination is essentially a claim for termination in breach of a public policy relying on Sheets v. Teddy'sFrosted Foods, Inc., 179 Conn. 471 (1980) and its progeny. On the numerous occasions when the Connecticut Supreme Court has consideredSheets it has narrowly constructed the public policy exception. As recently as 2000, in Burham v. Carl Gelb P.C., et al, 252 Conn. 153,159 the Supreme Court wrote:
 "In interpreting this exception `we note our adherence to the principle that the public policy exception to the general rule allowing unfettered termination of at-will employment relationship is a narrow one. . . . We are mindful that courts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation. [citation omitted]."
The determination of what is a public policy under Sheets is a question of law to be decided by the court. Faulkner v. United TechnologiesCorporation, 240 Conn. 576, 588.
In her complaint the plaintiff alleges:
 "9. Said termination was wrongful based on deliberate untruths and in violation of the public policy of this state."
There is no other reference to public policy in the first count. There is no public policy of the state which is identified in the first count. The plaintiff fails to come within the narrow confines of a Sheets cause of action. The first count is stricken. CT Page 8532
Count Three
The Connecticut Supreme and Appellate Courts have held that claims involving a employer/employee relationship do not constitute "trade or commerce" for purposes of § 42-110A of the Connecticut General Statutes. See United Components, Inc. v. Wodowiak, 239 Conn. 259 (1996);Muniz v. Kravis, 59 Conn. 704 (2000); Quimby v. Kimberly ClarkCorporation, 28 Conn. App. 660 (1992). Moreover, in her brief dated May 15, 2002, the plaintiff argues at some length in support of the viability of her first and second counts. The plaintiff appears not to brief or seriously argue the viability of the third count. Because the conduct occurred in an employer/employee relationship, the plaintiff may not state a cause of action under the Unfair Trade Practice Act and count three is stricken.
Count Two
To successfully state a claim for intentional infliction of emotional distress four elements must be satisfied: 1. It must be shown that the actor intended to inflict emotional distress, or that he knew or should have known that emotional distress was a likely result of his conduct; 2. That the conduct was extreme and outrageous; 3. That the defendant's conduct was the cause of the plaintiffs distress; 4. That the emotional distress sustained by the plaintiff was severe. Parsons v. UnitedTechnologies Corp., 243 Conn. 66 (1997); DeLaurentis v. New Haven,220 Conn. 225 (1991); Drew v. K-Mart, 37 Conn. App. 239 (1995).
The first element, that the defendant intended to inflict emotional harm, is sufficiently alleged and must be taken as true for purposes of the motion to strike. The third element that the defendant's conduct was the cause of the plaintiffs distress is likewise sufficiently pled and must be taken as true.
In support of the fourth element, that emotional distress sustained by the plaintiff was severe, the plaintiff has alleged:
"14. As a result of said intentional infliction of emotional harm, the plaintiff suffered the following injuries, some of which are permanent: a) loss of job, back and front pay and all associated benefits; b) emotional harm and mental suffering; c) aggravation of pre-existing medical conditions; d) severe embarrassment and humiliation; e) harm to a reputation and good name; accepting these claims is true for the purpose of the motion to strike the court is of the CT Page 8533 opinion that if proven at trial a jury could legitimately find severe injury."
This is sufficient to survive a motion to strike.
The crucial question in the defendant's motion to strike the plaintiffs second count is whether or not the conduct complained of was "extreme and outrageous." By incorporating allegations of the first count into the second count, the plaintiff has pled as follows:
 "1. At all times herein Robert Esposito, was an employee of the defendant Thornton Oil, as a supervising regional manager.
 2. At all times herein Robert Esposito, was acting within the scope of his employment with the defendant Thornton Oil.
 6. In August, 1998, the plaintiffs immediate supervisor was instructed by Robert Esposito to notify the plaintiff that she was short money during her shift, despite the fact that she was not.
 7. The plaintiffs immediate supervisor complied with said manager's instruction and deliberately removed money that was the plaintiffs responsibility.
 8. On August 28, 1998, the defendant, Thornton Oil, through its agents, servants and employees, terminated the plaintiff for being short money, despite the fact that she was not in fact short, and that the short money was due to the deliberate actions of the defendant Thornton Oil, its agents, servants, and/or Robert Esposito.
 11. The defendant, its agents, servants and employees disseminated said termination to others and made the cause of the termination part of her permanent personnel record."
Our courts have frequently struggled with the question of what actions are sufficient to qualify as "extreme and outrageous." The Appellate Court in Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 712 cert denied, 252 Conn. 954 (2000) stated:
"Liability for intentional infliction of emotional CT Page 8534 distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, mental distress of a very serious kind."
"In Whelan v. Whelan, 41 Conn. Sup. 519 (1991) the court distinguishes between "the slight hurts which are the price of a complex society" and "severe mental disturbances inflected by intentional actions wholly lacking in social utility."
Accepting the facts in the complaint as true, as one must for purposes of a motion to strike, the plaintiff has alleged that the defendant's regional manager acting in the scope of his duties instructed the plaintiffs immediate supervisor to frame her for theft by deliberately removing money from her cash drawer, terminated the plaintiff for the shortage and branded her as a thief to the public and in her employment records. As pled the plaintiff alleges not a mere mistake by the defendant but in fact active participation in a conspiracy to make her appear dishonest. If the plaintiff can prove her conspiracy theory, the court has little difficulty in seeing the conduct complained of as exceeding all bounds usually tolerated by decent society of a nature which is especially calculated to cause, mental distress of a very serious kind.
The motion to strike the second count is denied.
Booth, J.