## ROBERT DOHERTY v. BERNARD SULLIVAN ET AL.
### (10686)

DUPONT, C. J., FOTI and FREEDMAN, Js.

Argued September 29—decision released December 22, 1992

*Otto P. Witt,* for the appellant-appellee (plaintiff).

*H. Maria Cone,* deputy corporation counsel, with whom, on the brief, was *Nathaniel Brown,* law student intern, for the appellees-appellants (defendants).

FREEDMAN, J. The plaintiff, a police officer employed by the city of Hartford, challenged his demotion from the rank of sergeant to the rank of patrolman. The trial court rendered judgment for the defendants, the city of Hartford and its chief of police, Bernard Sullivan, after concluding that the plaintiff was not entitled to relief under either the collective bargaining agreement between the plaintiff's union and the city or a grievance settlement agreement between the plaintiff, his union and the city. As to count one of his complaint, the plaintiff claims that the trial court improperly concluded that he was on probationary status at the time of his demotion and was, therefore, not protected by the "just cause" provision of the collective bargaining agreement. As to count two of his complaint, the plaintiff claims that the trial court improperly failed to find that the defendant city of Hartford violated an implied covenant of good faith and fair dealing present in the parties' employment contract. We affirm the judgment of the trial court.[1]

---

[1] The defendants have challenged the trial court's denial of their motions to dismiss and for summary judgment. Because we affirm the judgment of the trial court, we need not address these claims. We do, however, need to address those claims raised by the defendants that implicate the trial court's subject matter jurisdiction.

The defendants' jurisdictional claims, namely, that the plaintiff failed to exhaust his administrative remedies and that he lacks standing to enforce the collective bargaining agreement, both rest on the argument that the plaintiff's exclusive remedy for any alleged breach of the collective bargaining agreement is by way of arbitration, not litigation. The short answer

The trial court found the following facts. The plaintiff is a police officer employed by the defendant city of Hartford. In June, 1982, the plaintiff was promoted from the rank of patrolman to sergeant. He completed his probationary period in June, 1983.

On January 3, 1986, the plaintiff was charged with conduct unbecoming a police officer and failure to supervise his subordinates. As a result of this charge, the plaintiff filed a grievance against the city. On April 9, 1986, the plaintiff withdrew that grievance and entered into a settlement agreement with the city and his union. Under the April, 1986 settlement agreement, the plaintiff accepted a ninety day suspension from employment and a one year probationary status at his rank of sergeant.

The plaintiff served his ninety day suspension and returned to duty on probation as a sergeant in July, 1986. The plaintiff received a favorable probationary review in September, 1986. As a result of two separate incidents in November, 1986, however, the chief of police recommended that the plaintiff's probation be terminated and that he be returned to the rank of patrolman. The plaintiff's demotion to the rank of patrolman became effective on January 18, 1987.

After the plaintiff filed a grievance contesting this action, an arbitration hearing was held before the Con-

to these claims is that the plaintiff *did* raise his claim by way of arbitration and the arbitrators determined that his demotion was not arbitrable due to his probationary status. Under the collective bargaining agreement, the plaintiff was not a party to the arbitration, that status being conferred on the union and the employer. Accordingly, the plaintiff could not challenge the arbitration decision in court pursuant to General Statutes § 52-420. *Housing Authority* v. *Local 1161*, 1 Conn. App. 154, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). Because the plaintiff first pursued his claims through the contractual grievance procedure as far as he could and was unable to obtain court review, the trial court properly concluded that it had jurisdiction to entertain the plaintiff's contract claims in this civil action.

necticut board of mediation and arbitration between the city and the plaintiff's union concerning the grievance. The arbitrators concluded that the matter was not arbitrable on the basis of article I, § 1.8, of the collective bargaining agreement between the city and the union, which provides that "no probationary employee in any promotional classification shall have access to the grievance procedure where the issue is one of demotion." The union did not thereafter challenge the arbitration decision pursuant to General Statutes § 52-420.

The plaintiff then brought this action in three counts. The first count claims that the city's demotion of the plaintiff constitutes a breach of the collective bargaining agreement and the personnel rules of the city. The second count claims that the city's demotion of the plaintiff constitutes a breach of the implied covenant of good faith and fair dealing of the April, 1986 settlement agreement between the parties. The third count, which is not part of this appeal, alleged a tortious interference with the plaintiff's employment contract.

As to the first count, the trial court concluded that the plaintiff could not take himself out of his probationary status by attacking the validity of the April, 1986 settlement agreement. The court then reasoned that there was no breach of the collective bargaining agreement since it contains no restrictions on the demotion of probationary employees. As to the second count, the court concluded that the plaintiff failed to show any breach by the city of any obligation to act in good faith and to deal fairly.

I

The plaintiff first contends that the city breached the collective bargaining agreement by demoting him without just cause. Article II of the collective bargaining agreement sets forth the "Grievance Procedure" to be followed by the city and the Hartford police union. Arti-

cle II, § 2.2, provides that "[n]o employee shall be suspended, discharged or demoted except for just cause." If the protections of article II are available to the plaintiff with regard to his demotion, then the city would have had to show just cause for his demotion.

Article I, § 1.8, provides that "no probationary employee in any promotional classification shall have access to the grievance procedure where the issue is one of his demotion." Consequently, the grievance procedure, that is, the procedures and protections outlined in article II of the collective bargaining agreement, are unavailable to him with regard to the issue of his demotion. Absent a just cause standard attached to his demotion, the plaintiff's claim of a breach of the collective bargaining agreement must fail.

The plaintiff seeks to avoid this result by attacking the validity of the April, 1986 settlement agreement which restored his probationary status. Arguing that the settlement agreement was outside the scope of the collective bargaining agreement and in violation of the city's personnel rules, the plaintiff claims that the probationary status conferred by the settlement was a nullity, thus entitling him to the just cause protection available to all nonprobationary employees with respect to a demotion. We do not agree.

The trial court correctly concluded that because the plaintiff voluntarily entered into the April, 1986 settlement, he could not now attack that settlement. The settlement agreement does not conflict with the collective bargaining agreement. The collective bargaining agreement expressly contemplates that the parties may work out their own settlements of their disputes. Article II of the collective bargaining agreement establishes a procedure for resolving disputes where the parties cannot work out a settlement. By settling the dispute concerning the January 3, 1986 incident involving

charges of behaving in a manner unbecoming of a police officer and failing to supervise subordinates, the plaintiff avoided an immediate demotion to the rank of patrolman in exchange for a restoration of probationary status. "One enjoying rights is estopped from repudiating dependent obligations which he has assumed; parties cannot accept benefits under a contract fairly made and at the same time question its validity." *Schwarzchild* v. *Martin,* 191 Conn. 316, 321, 464 A.2d 774 (1983).

The April, 1986 settlement was a voluntary and mutual resolution of a dispute between two parties regarding a sanction to be imposed on one of the parties. While neither the collective bargaining agreement nor the city's personnel rules explicitly recognize a disciplinary probation status similar to that at issue here, neither document expressly prohibits it. Our law has long been clear that a "compromise agreement . . . if free from fraud, mistake or undue influence . . . is conclusive between the parties." *Azzolina* v. *Sons of Italy,* 119 Conn. 681, 689–90, 179 A.2d 201 (1935); *Horn* v. *Freedom of Information Commission,* 16 Conn. 49, 53, 547 A.2d 56 (1988). Moreover, the settlement agreement here arose out of the grievance and arbitration process that was contractually established for the benefit of the parties. Interference with the result of this "favored means of settling differences"; *Board of Education* v. *AFSCME,* 195 Conn. 266, 270, 487 A.2d 553 (1985); is unwarranted under the circumstances of this case and would serve only to undermine this " 'method for [the] orderly settlement of employee grievances' " established by the parties. *School Administrators Assn.* v. *Dow,* 200 Conn. 376, 382, 511 A.2d 1012 (1986), quoting *Republic Steel Corporation* v. *Maddox,* 379 U.S. 650, 653, 85 S. Ct. 614, 13 L. Ed. 2d 580 (1965).

Accordingly, the trial court properly concluded that the plaintiff was bound by the April, 1986 settlement

agreement and that the city did not breach the collective bargaining agreement by demoting him while he was in a probationary status.

## II

The plaintiff next claims that the city breached an implied covenant of good faith and fair dealing in the April, 1986 settlement agreement by demoting him without just cause. We disagree.

In *Magnan* v. *Anaconda Industries, Inc.*, 193 Conn. 558, 479 A.2d 781 (1984), our Supreme Court addressed the issue of whether the doctrine of an implied covenant of good faith and fair dealing is applicable to the termination of an employment contract.[2] The *Magnan* court accepted the principle that implied in every contract of employment is a covenant of good faith and fair dealing in the contractual relationship, but specifically "decline[d] the invitation of the plaintiff to transform the requirement of good faith into an implied condition that an employee may be dismissed only for good cause." Id., 571. The *Magnan* court then went on specifically to limit the reach of the newly recognized covenant of good faith and fair dealing in the employment context. "Although we endorse the applicability of the good faith and fair dealing principle to employment contracts, its essence is the fulfillment of the reasonable expectations of the parties. Where employment is clearly terminable at will, a party cannot ordinarily

---

[2] In their brief, the defendants argue that in *Magnan* v. *Anaconda Industries, Inc.*, 193 Conn. 558, 479 A.2d 781 (1984), the court "effectively limits the implied doctrine of good faith and fair dealing to employees at will, thus excluding the plaintiff from its reach" because the plaintiff is an "employee protected by a collective bargaining agreement." Cf. *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School,* 202 Conn. 206, 211 n.1, 520 A.2d 217 (1987). The April, 1986 settlement agreement, however, placed the plaintiff in the status of an at-will employee with respect to any action by the city to demote him. He was no longer protected by the collective bargaining agreement with respect to a demotion. Consequently, we do not agree with the defendants that the plaintiff is not in a position to maintain a cause of action under the *Magnan* doctrine.

be deemed to lack good faith in exercising this contractual right. Like other contract provisions, which are unenforceable when violative of public policy, the right to discharge at will is subject to the same restriction. We see no reason presently, therefore, to enlarge the circumstances under which an at-will employee may successfully challenge his dismissal beyond the situation where the reason for his discharge involves 'impropriety . . . derived from some important violation of public policy.' " Id., 572, quoting *Sheets* v. *Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 475, 427 A.2d 385 (1980) (recognizing common law cause of action in tort for discharge of an at-will employee where reason for discharge violates public policy).

The plaintiff argues that "the agreement of April 9, 1986, was not administered in 'good faith' as there was no basis for the demotion." He also argues that the investigation that led to the recommendation of his demotion was not properly conducted. Neither of these arguments, however, will permit the plaintiff to prevail under controlling case law.

A demotion without good cause does not, in and of itself, violate the implied covenant of good faith and fair dealing. *Magnan* v. *Anaconda Industries, Inc.*, supra. Likewise, a demotion based on an inadequate investigation does not violate the implied covenant of good faith and fair dealing because it is not based on a demonstrably improper reason derived from some important violation of public policy. See *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 678–81, 513 A.2d 66 (1986); *Magnan* v. *Anaconda Industries, Inc.*, supra. In the absence of a public policy violation, there is no breach of the implied covenant of good faith and fair dealing. See *Seery* v. *Yale-New Haven Hospital*, 17 Conn. App. 532, 543, 554 A.2d 757 (1989).

Accordingly, the trial court properly concluded that the plaintiff had failed to show any breach by the city of any obligation to act in good faith and to deal fairly.

The judgment is affirmed.

In this opinion the other judges concurred.