[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Diane Lippold, filed a complaint against the defendant, In-Store Opportunities, Inc., on February 11, 1997. The plaintiff alleges seven counts sounding in breach of contract, promissory estoppel, misrepresentation, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress.
The plaintiff alleges the following facts in her complaint: On or about July 9, 1993, the defendant offered the plaintiff employment as an administrative assistant to begin on or about July 15, 1993. The plaintiff accepted the position and "relied to her detriment" upon certain representations including "that she would grow with the organization; and that her prior background CT Page 9070 and computer skills would be an asset" to the defendant. This reliance "consisted of her foregoing any further search for employment opportunities and foregoing other employment opportunities as may have been available to her."
Approximately one year later, after several unfavorable reviews, the plaintiff found herself on "special probation." "The plaintiff denied and continues to deny any allegations underlying the issuance of said special probation status." And, "[t]he placement of the plaintiff on special probation status was retaliatory in nature."
On January 11, 1995, the plaintiff was given a letter that stated it was a "final warning and that `termination' would occur." The plaintiff replied: "What is it you want me to do, resign?" Her supervisor responded: "That would make things a lot easier." (Id.) lt was not, however, the plaintiff's intention to resign.
When the plaintiff returned to work the next day, her supervisor informed her that he had understood that she had resigned. The plaintiff then refused a severance check offered exchange for a release of liability.
On May 21, 1997, the defendant filed a motion to strike each count of the complaint along with a memorandum of law in support. The plaintiff responded on June 4, 1997 with a memorandum of law in opposition to the motion to strike.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. The role of the trial court is to examine the complaint, construed in favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, ___ A.2d ___ (1997).
The plaintiff claims, in counts one and two of her complaint, that the defendant's termination of the plaintiff's employment constitutes a breach of contract. The defendant moves to strike the first and second counts of the complaint on the ground that the plaintiff "has failed to adequately plead the fundamental elements of a claim for breach of contract."[1]
"[A]ll employer-employee relationships not governed by CT Page 9071 express contracts involve some type of implied contract of employment." Torosyan v. Boehringer Ingelheim Pharmaceuticals,Inc., 234 Conn. 1, 13, 662 A.2d 89 (1995). Since the plaintiff pleads that she was employed by the defendant, and there is no mention of an express contract, it may be assumed that an implied contract existed between the parties.
"Typically, an implied contract of employment does not limit the terminability of an employee's employment but merely includes terms specifying wages, working hours, job responsibilities and the like. Thus, as a general rule, contracts of permanent employment, or for an indefinite term, are terminable at will. However, the default rule of employment at will can be modified by the agreement of the parties." (Citation omitted; internal quotation marks omitted.) Torosyan v. Boehringer IngelheimPharmaceuticals, Inc., supra. 234 Conn. 14-15. In order to survive a motion to strike, therefore, the plaintiff must allege that there was an "actual contract commitment . . . under which [she] could not be terminated without just cause." Id., 15.
In the present case, the plaintiff has failed to plead facts that, if accepted as true, would indicate that there was an actual contract commitment that the plaintiff's employment was not terminable at the defendant's will. The plaintiff suggests that the representation made by the defendant's representatives "that she would have continued employment at a stable and growing organization" and "that she would grow with the organization" were understood as defeating the default rule of employment at will. This argument is unpersuasive. While the plaintiff may have been offered "continued employment," the issue presented here is how that employment could be terminated by the defendant. The statements that the plaintiff alleges the defendant made are silent as to how the plaintiff's employment may be terminated.
The plaintiff fails to plead facts showing that there was an attempted modification of the rule stating that an employee is terminable at the employer's will. It follows that, as pleaded, the implied contract could not have been breached by the defendant's termination of the plaintiff's employment. Therefore the motion to strike counts one and two of the complaint is granted.
The plaintiff asserts claims for promissory estoppel in counts three and four of her complaint. The defendant has moved to strike counts three and four of the plaintiff's complaint on CT Page 9072 the ground that the plaintiff has alleged "`promises' so vague as a matter of law they will not support such a cause of action."
"Under our well-established law, any claim of estoppel is predicated on two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. It is fundamental that a person who claims an estoppel must show that he has exercised due diligence to know the truth, and that he not only did not know the true state of things but also lacked any reasonably available means of acquiring knowledge." Chotkowski v. State, 240 Conn. 246, 268, 690 A.2d 368
(1997). The representations made by the promisor must be "sufficiently definite to support contractual liability."D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 214, 220 A.2d 217 (1987).
In order to support contractual liability in the present case, the defendant would have had to make a promise not to terminate the plaintiff's employment without just cause. The plaintiff fails to allege in her complaint that the defendant made such a promise. Therefore the motion to strike counts three and four is granted.
In the fifth count of her complaint, the plaintiff alleges breach of the implied covenant of good faith and fair dealing. The defendant has moved to strike the fifth count of the plaintiff's complaint on the ground that the "[p]laintiff has failed to allege any contractual obligation on which to base such a claim and has further failed to plead facts sufficient to state a claim that defendant violated an important public policy."
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. Bad faith means more than mere negligence; it involves a dishonest purpose." (Internal quotation marks omitted.) Guptav. New Britain General Hospital, 239 Conn. 574, 598, 687 A.2d 111
(1996). "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v. Berlewicz, 32 Conn. App. 857, 861,632 A.2d 709 (1993). There is no "implied condition that an employee may be dismissed only for good cause. Where employment is clearly CT Page 9073 terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right. Like other contract provisions, which are unenforceable when violative of public policy, the right to discharge at will is subject to the same restriction." (Citations omitted; internal quotation marks omitted.) Doherty v. Sullivan, 29 Conn. App. 736, 742-43,618 A.2d 56 (1992).
Since it has already been established that the plaintiff has not alleged that her employment was not terminable at will, the plaintiff must plead that her discharge was in violation of public policy, or that the defendant acted with "an interested or sinister purpose." In the present case, the plaintiff has failed to allege that the defendant acted with "an interested or sinister motive." The plaintiff also has not alleged any violation of public policy.
The plaintiff argues that "[i]f ever a case were alleged to demonstrate `bad faith' and the antithesis of `fair dealing' in an employment situation, this is it." This may or may not be true. The plaintiff has, however, failed to plead the requisite factual allegations that, if true, would establish a claim for breach of the implied covenant of good faith and fair dealing. Therefore the motion to strike the fifth count of the complaint is granted.
The sixth count sounds in negligent misrepresentation. The defendant has moved to strike the sixth count of the complaint on the ground that the "plaintiff has not alleged that [the] defendant made any representation to [the] plaintiff which [the] defendant knew or should have known was false and upon which [the] plaintiff detrimentally relied."
"This court has long recognized liability for negligent misrepresentation. . . . One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. [T]he plaintiff need not prove that the representations made by the [defendant] were promissory. It is sufficient . . . that the representations contained false information." (Citations omitted; Internal quotation marks omitted.) Barry v. Posi-SealInternational, Inc., 36 Conn. App. 1, 20, 647 A.2d 1031, cert. CT Page 9074 denied, 231 Conn. 942, 653 A.2d 822 (1994).
"As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, [a court should] not conclude that the complaint is insufficient to allow recovery." Normand JosefEnterprises v. Connecticut National Bank, 230 COM. 486, 496,646 A.2d 1289 (1994).
In the present case, the plaintiff alleges that "[t]he defendant, by its representatives, misrepresented to the plaintiff the terms and conditions of her employment." The plaintiff also alleges that the defendant misrepresented "its intention to terminate her employment . . . in a manner so as to induce her to utter the statement `What is it you want me to do, resign?"' This, in turn, caused the defendant's representative to believe that the plaintiff had resigned. Implicit in the plaintiff's allegations is that the statements made to her by the defendant's agent were false. The defendant is on notice of which statements the plaintiff is referring to, and the issues to be tried.
"If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Faulkner v. UnitedTechnologies, Corp., supra, 240 Conn. 580. The plaintiff has alleged facts that, if true, establish a cause of action for negligent misrepresentation. Therefore the motion to strike the sixth count of the complaint is denied.
The seventh count of the plaintiff's complaint sounds in intentional infliction of emotional distress.[2] The defendant has moved to strike the seventh count of the plaintiff's complaint on the ground that the "plaintiff has not alleged the necessary elements to state [a] cause of action."[3]
In order for the plaintiff's complaint to survive a motion to strike a claim for intentional infliction of emotional distress, four elements must be established. "It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . It is the intent to cause injury that CT Page 9075 is the gravamen of the tort." (Internal quotation marks omitted.)Drew v. K-Mart Corp., 37 Conn. App. 239, 251, 655 A.2d 806
(1995).
In the present case, the plaintiffs complaint does not allege that the defendant intended to cause injury to the plaintiff. The plaintiff claims that the defendant's acts alleged in the complaint "can be characterized as a pretextual career assassination of the plaintiff." While this may or may not be true, the element of intent is nowhere pleaded in the plaintiff's complaint. Therefore the defendant's motion to strike the seventh count of the plaintiff's complaint is granted.
For the foregoing reasons, the defendant's motion to strike the first, second, third, fourth, fifth and seventh counts of the plaintiff's complaint is granted. The defendant's motion to strike the sixth count of the complaint is denied.
Howard F. Zoarski Judge Trial Referee