[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE #102
 I. FACTS
The plaintiff, Jonn Antignani, filed a five-count first amended complaint on July 1, 1997 against the defendant, United Home Care, Inc. The complaint arises out of the plaintiff's termination of the plaintiff. The defendant filed a motion to strike counts two, three and four of the first amended complaint on the ground that each is legally insufficient. The plaintiff filed a memorandum in opposition, and the matter was heard by the court on June 22, 1998.
 II. DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, ___ A.2d ___ (1998).
In addition to arguing that counts two, three and four are legally insufficient, the defendant argues that the plaintiff's causes of action for breach of the implied covenant of good faith and fair dealing, promissory estoppel and negligent misrepresentation are duplicative of the cause of action in count one for breach of the implied employment contract. CT Page 8182
 A. Count Two — Breach of Implied Covenant
The plaintiff has alleged that an implied contract was created in count one. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. Bad faith means more than mere negligence: it involves a dishonest purpose." (Citation omitted: internal quotation marks omitted.) Gupta v. New Britain GeneralHospital, 239 Conn. 574, 598, 687 A.2d 111 (1996). In Magnan v.Anaconda Industries, Inc., 193 Conn. 558, 568-69, 479 A.2d 781
(1984), our Supreme Court held that the implied covenant of good faith and fair dealing applies to employment contracts. Nonetheless, the court determined that the covenant of good faith and fair dealing provides only limited protection to employees. Id., 569-572; see Doherty v. Sullivan, 29 Conn. App. 736, 742-43,
618 A.2d 56 (1992). The Magnon court stated: "Although we endorse the applicability of the good faith and fair dealing principle to employment contracts, its essence is the fulfillment of the reasonable expectations of the parties. Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right. Like other contract provisions, which are enforceable when violative of public policy, the right to discharge at will is subject to the same restriction. We see no reason presently, therefore, to enlarge the circumstances under which an at will employee may successfully challenge his dismissal beyond the situation where the reason for his discharge involves impropriety . . . derived from some important violation of public policy. Sheets v. Teddy'sFrosted Foods, Inc., [179 Conn. 471, 475, 427 A.2d 385 (1980)]. Whether a claim resulting from such a discharge is framed in tort or in contract should make no difference with respect to the issue of liability." Id., 572. A cause of action in contract for violation of the covenant of good faith and fair dealing "is coterminous with, and extends no further than, a cause of action for wrongful discharge in tort." Battista v. United IlluminatingCo., 10 Conn. App. 486, 495, ___ A.2d ___ (1987). Accordingly, the plaintiff here, a discharged at will employee, can only state a cause of action for breach of the covenant of good faith and fair dealing by sufficiently alleging his discharge occurred for a reason that violates public policy. The plaintiff has failed to allege such a violation of public policy, and so the defendant's motion to strike count two of the first amended complaint is CT Page 8183 granted.
 B. Count Three — Promissory Estoppel
"[A]ny claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." (Internal quotation marks omitted) O'Sullivan v. Bergenty, 214 Conn. 641,648, 573 A.2d 729 (1990). The allegations contained in count three allege both of the elements of promissory estoppel, and accordingly, the defendant's motion to strike this count is denied.
 C. Negligent Misrepresentation
The defendant has argued that a promise to perform a future act cannot form the basis for a claim of negligent misrepresentation. "Although the general rule is that a misrepresentation must relate to an existing or past fact, there are exceptions to this rule, one of which is that a promise to do an act in the future, when coupled with a present intent not to fulfill the promise, is a false representation." Paiva v. VanechHeights Construction Co., 159 Conn. 512, 515, 271 A.2d 69 (1970). The plaintiff has alleged that the defendant knew or should have known that the plaintiff would rely on its promises. When viewing the allegations in the complaint in the light most favorable to the plaintiff, the plaintiff has alleged that the defendant made a promise while knowing it would not keep that promise. Furthermore, the Supreme Court had held that it is proper to sustain a claim for negligent misrepresentation on a motion to strike, "particularly where the allegations in a complaint indicate, on their face, that an employer failed to exercise reasonable care in making representations to an employee on which the employee relied to his detriment. . . . [T]he plaintiffs allegation that `the defendants negligently misrepresented the facts to the plaintiff necessarily implied that the defendants did not exercise reasonable care or competence in communicating with the plaintiff about her prospects for reemployment. Although the complaint could have alleged the nature of the defendants' negligence more precisely, the lack of linguistic specificity does not warrant striking [that] count." (Citations omitted.)D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, CT Page 8184202 Conn. 206, 219-220, 520 A.2d 217 (1987). As the plaintiff has alleged that the defendant's representations were made negligently, and that the plaintiff relied on the negligent misrepresentations, the plaintiff has sufficiently alleged a cause of action for negligent misrepresentation, and the defendant's motion to strike count four should be denied.
 D. Duplicative Causes of Action
With regard to the defendant's argument that counts two through four are repetitive and therefore must be struck, it is submitted that this argument is without merit. A plaintiff is permitted to advance alternative theories of liability against one or more defendants in a single complaint. Dreier v. UpjohnCo., 196 Conn. 242, 245, 492 A.2d 164 (1985). The court recognizes that the remaining counts of breach of contract, promissory estoppel and negligent misrepresentation are distinct causes of return, and are therefore not repetitive.
 IV. CONCLUSION
The defendant's motion to strike counts two, three and four of the first amended complaint is granted as to count two but denied as to counts three and four.
NADEAU, JUDGE