[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robert I. Parker, filed a six-count complaint against the defendant, Ginsburg Development, LLC, asserting causes of action for breach of an express contract, breach of an implied contract, breach of the covenant of good faith and fair dealing, promissory estoppel, misrepresentation and tortious interference with a contractual relationship. The plaintiff alleges that on or about June 12, 2001, the defendant hired him as a sales agent. During the meetings leading up to his hire, the defendant's agents stated that if the plaintiff resigned from his employer, the Marcon Group, and accepted employment with the defendant, that the plaintiff would receive a salary, commission, and other benefits for a definite period of time.
The plaintiff further alleges he was being employed to work on a project that contemplated the sale of 264 townhouses at a rate of 50 units per year, and based upon these discussions, he left his employment with Marcon Group and agreed to be employed by the defendant. On or about June 18, 2001, after being hired by the defendant but prior to his actual first day of work, the defendant discharged the plaintiff. Although the plaintiff attempted to find comparable employment, he remained unemployed from June 11, 2001 until October 5, 2001.
The defendant moves (#116) to strike each count of the complaint for failure to state a claim upon which relief can be granted.[1] "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court . . . [W]e construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . [I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . . Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, we read the allegations broadly, rather than narrowly." (Citations omitted; internal quotation marks omitted.) Macomber v. Travelers Property TravelersCasualty Corp. , 261 Conn. 620, 629, 803 A.2d 311 (2002). CT Page 1978
The plaintiff is alleging breach of an express employment contract in count one and a breach of an implied employment contract in count two. "Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Dreier v. Upiohn Co.,196 Conn. 242, 245, 492 A.2d 164 (1985). In both counts, the plaintiff alleges that it was communicated to him by the defendant's agents that the plaintiff would receive, among other things, a salary for a definite period of time. The plaintiff also alleges that the defendant agreed by its agents' statements and conduct that the plaintiff's employment would not be terminated for a certain period of time.
"Traditionally, an employment contract [like the one at issue] of indefinite duration is terminable at the will of either party." Battistav. United Illuminating Co., 10 Conn. App. 486, 495, 523 A.2d 1356, cert. denied, 204 Conn. 803, 525 A.2d 1352 (1987). "In Connecticut, an employer and employee have an at-will employment relationship in the absence of a contract to the contrary. Employment at will grants both parties the right to terminate the relationship for any reason, or no reason, at any time without fear of legal liability." Thibodeau v. Design Group OneArchitects, LLC, 260 Conn. 691, 697-98, 802 A.2d 731 (2002).
While our Supreme Court has "recognized a public policy limitation on the traditional employment at-will doctrine in an effort to balance the competing interests of employers and employees"; Daley v. Aetna Life Casualty Co., 249 Conn. 766, 798, 734 A.2d 112 (1999); "the public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one . . ." (Internal quotation marks omitted.) Burnham v. Karl Gelb, P.C., 252 Conn. 153,159, 745 A.2d 178 (2000). "Under the exception, the employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." Morris v. Hartford Courant Co., 200 Conn. 676,679, 513 A.2d 66 (1986).
In the present case, the plaintiff has alleged that his term of employment was "for a definite period of time," and that he would not be "terminated for a certain period of time." The allegations of the complaint do not give rise to anything but an at-will employment contract terminable at will. As an at-will employee, the plaintiff is required to "challenge his . . . dismissal on the basis of a public policy violation whether the plaintiff frames the claim in tort or in contract." (Emphasis added.) Thibodeau v. Design Group One Architects, LLC, supra, 260 Conn. 696
n. 7. Because the plaintiff has not alleged that his termination was contrary to public policy, nor has he pleaded any facts to establish the CT Page 1979 existence of an employment contract other than one at-will, the motion to strike counts one and two is granted.
Count three of the complaint asserts a cause of action for breach of the covenant of good faith and fair dealing. "It is axiomatic that the . . . duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship. " (Internal quotation marks omitted.) Macomber v. Travelers Property Casualty Corp. , supra,261 Conn. 638. "An employee can bring a cause of action for breach of the implied covenant of good faith and fair dealing in an employment contract, even an employment at-will." Sullivan v. Analysis Technology, Inc., Superior Court, judicial district of New London at New London, Docket No. 554076 (Nov. 21, 2000, Hurley, J.), citing Magnan v.Anaconda Industries, Inc., 193 Conn. 558, 568-72, 479 A.2d 781 (1984). The plaintiff alleges that the defendant did not meet the expectations created by their contractual relationship when it discharged the plaintiff prematurely, thus breaching the covenant of good faith and fair dealing. The plaintiff does not, however, allege that his discharge was in violation of public policy. "In the absence of a public policy violation, there is no breach of the implied covenant of good faith and fair dealing." Doherty v. Sullivan, 29 Conn. App. 736, 743, 618 A.2d 56
(1992). Therefore, the motion to strike count three is granted.
In count four, the plaintiff asserts a claim of promissory estoppel. "The promissory estoppel claim . . . fails for the same reason, insufficient factual allegations in the complaint to state a valid cause of action. The allegations, at most, amount to an agreement to enter into an at-will employment relationship and not a contract to employ the plaintiff for a specific term. The plaintiff was in fact hired by the defendant, and the fact that the plaintiff left another job to work for the defendant does not, without more, state a promissory estoppel claim."Corrado v. Leonard, Superior Court, judicial district of Danbury, Docket No. 307646 (March 26, 1992, Fuller, J.). "Promissory estoppel is not available to a plaintiff in an at-will employment situation." Steward v.Cendant Mobility Services, Superior Court, judicial district of Danbury, Docket No. 337994 (Feb. 21, 2002, Radcliffe, J.). Accordingly, the motion to strike the fourth count is granted.
The fifth count of the complaint asserts a claim of misrepresentation. Specifically, the plaintiff alleges that despite the knowledge that the defendant's application form stated otherwise, defendant's agents promised that the plaintiff's employment would not be terminated for a certain period of time. The plaintiff further alleges that the defendant's agents made promises knowing that the defendant did not intend to be bound by such promises, the plaintiff relied upon such CT Page 1980 representations, and such reliance on the defendant's fraudulent misrepresentations were to his detriment.
"All of the elements of fraudulent misrepresentation must be alleged to survive a motion to strike." Mohegan Trib. Gaming Auth. v. PNE Media, Superior Court, judicial district of Norwich, Docket No. 0119697 (Mar. 7, 2001, McLachlan, J.). "The essential elements of a cause of action in [fraudulent misrepresentation] are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon the false representation to his injury." (Internal quotation marks omitted.) Cadle Co. v. Ginsberg,70 Conn. App. 748, 769, 802 A.2d 137 (2002). The plaintiff here does not allege that the defendant made any false statement for the purpose of inducing the plaintiff to act upon it. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990).
Moreover, a motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Doe v. Yale University, 252 Conn. 641, 694, 748 A.2d 834
(2000). The allegation that the defendant made promises knowing that it did not intend to be bound by them is a legal conclusion. The plaintiff does not plead any facts to support this statement. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). For the foregoing reasons, the court grants the motion to strike count five of the complaint.
In the sixth and final count of the complaint, the plaintiff asserts a cause of action for tortious interference with a contractual relationship. The plaintiff's complaint, however, does not allege any conduct on the part of the defendant that would rise to the level of being tortious for purposes of this claim.
"Although Connecticut courts long [have] recognized a cause of action for tortious interference with contract rights or other business relations . . . [the case law indicates, nonetheless,] that not every act that disturbs a contract or business expectancy is actionable . . . [F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be CT Page 1981 satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously . . . The plaintiff in a tortious interference claim must demonstrate malice on the part of the defendant, not in the sense of ill will, but intentional interference without justification . . . In other words, the [plaintiff] bears the burden of alleging and proving lack of justification on the part of the [defendant]." (Emphasis added; internal quotation marks omitted.)Downes-Patterson Corp. v. First National Supermarkets, Inc.,64 Conn. App. 417, 429, 780 A.2d 967, cert. granted on other grounds,258 Conn. 917, 782 A.2d 1242 (2001) (appeal dismissed, June 25, 2002). In the present case, the plaintiff alleges the defendant intentionally interfered with a contractual relationship the plaintiff had with Marcon Group. The plaintiff does not, however, allege anywhere that the defendant did so maliciously, or without justification. Thus, the plaintiff has not pled sufficient facts to satisfy the elements of tortious interference with a contractual relationship. The motion to strike count six of the complaint is granted.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of February 2003.
William B. Lewis, J.T.R.